*In re* J.D. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Judy Demuth *et al.*, Respondents-Appellants).

Fourth District   No. 4—99—0766

Opinion filed July 21, 2000.

Robert Alan Dunst, of Law Offices of Bob Dunst, of Mattoon, for appellants.

C. Steve Ferguson, State's Attorney, of Charleston (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent mother Judy Demuth and respondent father Steve Allison appeal from the orders of the circuit court of Coles County finding them to be unfit parents and terminating their parental rights in J.D. (born February 3, 1981), P.A. (born November 29, 1982), D.A. (born November 15, 1983), C.D. (born January 28, 1985), J.A. (born February 25, 1986), S.D. (born November 1, 1987), S.D. (born March 17, 1989), J.A. (born May 31, 1990), and D.A. (born September 21, 1994). The issues are whether (1) the trial court's findings of parental unfitness are against the manifest weight of the evidence and (2) the trial court's finding that termination of parental rights was in the minors' best interests is against the manifest weight of the evidence. We vacate the adjudication of parental unfitness and remand with directions.

The trial court found respondent parents unfit for failing to (1)

make reasonable progress toward the return of the children within 12 months after the adjudication of neglect (750 ILCS 50/1(D)(m) (West 1998) (now providing for a nine-month period in which to make reasonable progress)) and (2) protect the children from conditions within their environment injurious to their welfare (750 ILCS 50/1(D)(g) (West 1998)). Although the petition for termination of parental rights also alleged that respondent parents failed to make reasonable efforts to correct the conditions that were the basis for the removal of the minors (750 ILCS 50/1(D)(m) (West 1998)) and had repeatedly substantially neglected the minors (750 ILCS 50/1(D)(d) (West 1998)), the trial court did not find respondent parents unfit on those grounds.

The State concedes that, because the children were in foster care for several years, the statutory ground of failure to protect them from an injurious environment is not available as a basis for terminating parental rights in this case. We accept the State's concession. *In re L.N.*, 278 Ill. App. 3d 46, 49, 662 N.E.2d 152, 154 (1996); see *In re B.R.*, 282 Ill. App. 3d 665, 670, 669 N.E.2d 347, 351 (1996) (section 1(D)(g) of the Adoption Act does not entitle parents to a specific period of time before a finding of unfitness can be entered). We note that here the trial court, in its findings, referred to the past four-year period when the children were in the custody of DCFS.

The Supreme Court of Illinois recently held that when reasonable progress is at issue, section 1(D)(m) of the Adoption Act requires that the trial court limit its consideration to the statutory time period following the adjudication of neglect, abuse, or dependency. *In re D.L.*, 191 Ill. 2d 1, 10, 727 N.E.2d 990, 994 (2000); *In re E.B.*, 313 Ill. App. 3d 672, 674 (2000). In this case, evidence was presented regarding the approximately four years since the adjudicatory order. The record is unclear whether the trial court examined events outside of the statutory time frame in determining whether respondent parents made reasonable progress. Because the trial court, not this court, has the function to assess witness credibility and draw inferences from the evidence (see *In re M.S.*, 302 Ill. App. 3d 998, 1002, 706 N.E.2d 524, 528 (1999)), we vacate the trial court's adjudication of unfitness and remand with directions to review the evidence submitted to determine respondent parents' unfitness only by reference to events within the statutory time frame, counting from the filing of the dispositional order (see *In re D.S.*, 313 Ill. App. 3d 1020, 1029 (2000)). Because of this ruling, we need not address the argument concerning whether termination of parental rights was in the children's best interests.

We vacate the adjudication of unfitness and remand the cause with directions.

Vacated and remanded with directions.

COOK, P.J., and KNECHT, J., concur.